**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Jeffrey Alan Petersen,

Defendant.

Case No. 25-cr-379 (PJS/DLM)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Defendant Jeffrey Petersen's Motion to Dismiss the Indictment. (Docs. 30 (Motion & Memorandum), 49 (Supplemental Brief).) The government opposes the motion. (Docs. 44 (Opposition Memorandum), 51 (Supplemental Brief).) The parties agreed to cancel the pretrial motions hearing scheduled for January 29, 2026, and instead hold only an Arraignment on the Superseding Indictment. (Doc. 47.) Kate Buzicky appeared on behalf of the government as a substitute for counsel of record Benjamin Bejar; Jordan Kushner appeared on behalf of Mr. Petersen who was present at the Arraignment. (Doc. 48.) At the Arraignment, the parties requested a supplemental briefing schedule on Mr. Petersen's motion to dismiss. (*Id.*) Briefing on the motion closed on March 12, 2026. (Doc. 51.) The motion is now ripe for decision. The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons explained below, the Court recommends that Mr. Petersen's Motion to Dismiss the Indictment (Doc. 30) be denied.

## BACKGROUND

On October 7, 2025, the government charged Mr. Petersen by 20-count Indictment with threatening to murder United States judges and officials, and the interstate transmission of a threat to injure the person of another. (*See generally* Doc. 1.) Mr. Petersen moved to dismiss the Indictment on December 9, 2025. (Doc. 30.) Then, on January 21, 2026, the government filed a Superseding Indictment against Mr. Petersen charging him with the same offense conduct alleged in the original Indictment. (*Compare* Doc. 1 *with* Doc. 45.)[1]

Counts 1-8 allege that between July 13, and July 21, 2025, Mr. Petersen threatened to murder United States Judges 1-8, with the intent to retaliate against the United States judges on account of the performance of their official duties, all in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4). (Doc. 45 at 1-2.) Count 9 alleges that on July 15, 2025, Mr. Petersen threatened to murder United States Official 9, with the intent to retaliate against this person on account of the performance of their official duties, in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4). (*Id*. at 2.) Count 10 alleges that on July 21, 2025, Mr. Petersen threatened to murder United States Officials 9-19, with the intent to retaliate against these individuals United States officials on account of the performance of their official duties,

[1] The government confirmed at the Arraignment that the only change between the original Indictment and the Superseding Indictment was the addition of language to Counts 11-20 stating, "with the purpose of issuing a threat, and with knowledge that the communication would be viewed as a threat, and consciously disregarding a substantial and unjustifiable risk that the communication would be viewed as a threat, all in violation of Title 18, United States Code, Section 875(c)." (Doc. 45 at 7.) The government added no additional counts or alleged other instances of offense conduct.

all in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4). (*Id*. at 2-3.) Counts 11-20 allege that between July 13, and July 21, 2025, Mr. Petersen knowingly transmitted, in interstate and foreign commerce, communications consisting of online posts containing a threat to injure the person of another, namely United States district judges and officials, with the purpose of issuing a threat, and with knowledge that the communication would be viewed as a threat, and consciously disregarding a substantial and unjustifiable risk that the communication would be viewed as a threat, all in violation of 18 U.S.C. § 875(c). (*Id*. at 3-7.)

Mr. Petersen argues that the Superseding Indictment[2] should be dismissed for essentially two reasons. First, he contends that the Superseding Indictment is facially insufficient because it fails to state an offense. Second, Mr. Peterson argues that the statements alleged in the Superseding Indictment amount to only political hyperbole, which is protected by the First Amendment. According to Mr. Petersen, none of his statements rise to the level of "true threats" of violence, which fall outside the First Amendment's protections. From his perspective, the alleged threats could never be true threats because, as alleged in the Superseding Indictment, they were merely internet comments that were never communicated to their alleged targets. He also asserts that his statements communicated only wishes for or predictions of the judges and officials' deaths but

[2] When Mr. Petersen moved to dismiss the Indictment on December 9, 2025, the original Indictment was still the operative pleading in this case. Because the Superseding Indictment is materially identical to the original Indictment, the Court construes the arguments in Mr. Petersen's motion and supplemental briefing (Docs. 30, 49) as now applying to the Superseding Indictment.

evidenced no plan by Mr. Petersen to kill anyone. Thus, says Mr. Petersen, the Court should dismiss the Superseding Indictment at the pretrial stage because no reasonable jury could conclude that his statements amount to "true threats."

The government disagrees. From the government's view, the Superseding Indictment is legally sufficient on its face because each count charged tracks the statutory language of the alleged offense and is therefore facially sufficient. Second, to the extent Mr. Petersen challenges the sufficiency of the evidence against him, the government contends that his motion is premature at this stage. According to the government, whether Mr. Petersen's statements are political hyperbole or true threats of violence is a fact-intensive question that should be left up to the jury to determine, not decided by the Court on a pretrial motion to dismiss.

## ANALYSIS

### I. THE SUPERSEDING INDICTMENT IS LEGALLY SUFFICIENT ON ITS FACE.

Mr. Petersen first argues that the Superseding Indictment should be dismissed because it fails to state an offense. The Court construes this as facial challenge to the allegations in the Superseding Indictment. The government counters that the Superseding Indictment is facially legally sufficient because each count tracks the statutory language and contains the essential elements of the offenses charged.

Under Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c). And Rule 12(b) only authorizes dismissal where the

allegations in the indictment are insufficient to charge an offense. *See* Fed. R. Crim. P. 12(b). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Flute*, 929 F.3d 584, 587 (8th Cir. 2019) (quoting *United States v. Fleming* 8 F.3d 1264, 1265 (8th Cir. 1993)); *see also United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988) ("An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution."). Thus, an indictment will survive a motion to dismiss when it "allege[s] that the defendant performed acts which, if proven, constitute the violation of law for which he is charged." *United States v. Polychron*, 841 F.2d 833, 834 (8th Cir. 1988). An indictment that "tracks the statutory language" will generally suffice. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

Counts 1-10 of the Superseding Indictment each allege conduct in violation of 18 U.S.C. § 115(a)(1)(B). (Doc. 45 at 1-3.) Section 115(a)(1)(B) provides:

> Whoever threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

*Id*. Counts 1-10 each state "[o]n or about the [date of offense], in the state and District of Minnesota, the defendant Jeffrey Allen Petersen did knowingly threaten to murder the

below listed [United States judge or official], with intent to retaliate against said [United States judge or official] on account of performance of official duties, all in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4)." (Doc. 45 at 1-3.)

The Court's review of Counts 1-10 shows that each count adequately tracks the statutory language of 18 U.S.C. § 115(a)(1)(B) to establish the essential elements of the offense. Each count alleges sufficient factual detail to provide Mr. Petersen notice of the date of offense, where the offense occurred, and the target of Mr. Petersen's threat. Each count therefore provides Mr. Petersen with notice of the charges against him and permits him to plead double jeopardy to a future prosecution. Moreover, read within the context of the entire Superseding Indictment, Mr. Petersen was also provided details of each alleged threat, including dates, targeted victims, and specific language. (*See* Doc. 45 at 1-6.[3]) Accordingly, the Court concludes Counts 1-10 are facially legally sufficient to survive Mr. Petersen's motion to dismiss.

Turning to Counts 11-20, each alleges conduct in violation of 18 U.S.C. § 875(c). Section 875(c) provides:

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

*Id.* Counts 11-20 state that

> on or about [the listed date] in the State and District of Minnesota, the defendant Jeffrey Allen Petersen, did knowingly transmit, in interstate and foreign commerce, communications consisting of online posts containing a

[3] The language of the communications supporting Counts 11-20 corresponds to the same offense dates and offense conduct identified in Counts 1-10. (Doc. 45 at 1-6.)

> threat to injure the person of another, namely [United States judges or officials] with the purpose of issuing a threat, and with knowledge that the communication would be viewed as a threat, and consciously disregarding a substantial and unjustifiable risk that the communications would be viewed as a threat, all in violation of 18 U.S.C. § 875(c).

(Doc. 45 at 3-7.) These counts also restate the language of each allegedly transmitted threat. (*Id.*)

As with Counts 1-10, the Court finds that Counts 11-20 adequately track the statutory language of 18 U.S.C. § 875(c) to establish the essential elements of the offense charged. Each count alleges sufficient factual detail to provide Mr. Petersen notice of the charges against him and permit him to plead double jeopardy to a future prosecution. Each count alleges the date of offense, the United States judge or official against whom a threat was made, that the threat was transmitted via online post, and the language of each transmitted threat. As a result, the Court finds that Counts 11-20 are legally facially sufficient to survive Mr. Petersen's motion to dismiss. The Court therefore concludes that the Superseding Indictment is legally sufficient on its face and Mr. Petersen's Motion to Dismiss the Indictment should be denied on this basis.

## II. WHETHER MR. PETERSEN'S THREATS CONSTITUTE POLITICAL HYPERBOLE OR "TRUE THREATS" IS A QUESTION FOR THE JURY.

Next, Mr. Petersen argues that the Superseding Indictment should be dismissed because no reasonable jury could conclude that his statements constitute "true threats" and so the case should never get to the jury for deliberation. Having already concluded no facial deficiency warrants dismissal of the Superseding Indictment before trial, the Court construes this argument as a pretrial challenge to the sufficiency of the evidence against

Mr. Petersen. The government, for its part, argues that to the extent Mr. Petersen raises an as-applied sufficiency of the evidence challenge, it is premature and requires a trial on the merits.

"[C]hallenges to the evidence's sufficiency are tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29, not by a dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) (quoting *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)). This makes sense because, if the indictment is sufficient on its face, "federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence." *Ferro*, 252 F.3d at 968 (quoting *United States v. Critzer,* 951 F.2d 306, 307-08 (11th Cir.1992)) (cleaned up). Relevant here, Mr. Petersen asserts that the evidence in the Superseding Indictment is insufficient to establish that he made any unlawful "true threats" of violence because his statements amount to only political hyperbole, subject to the First Amendment's protection, and in any event, there is "no evidence that [the comments] were ever communicated to the purported targets or were intended to be communicated to the purported targets." (Doc. 49 at 2.)

True threats of violence, unlike political hyperbole, is a category of communications historically unprotected by the First Amendment. *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (citing *Virginia v. Black*, 538 U.S. 343, 359 (2003)). What sets a "true threat" apart from "hyperbole" or other statements is "that when taken in context [hyperbole] do[es] not convey a real possibility that violence will follow." *Id*. (citing *Watts v. United States*, 394 U.S. 705, 708664 (1969) (per curiam)). "True threats are serious expressions

conveying that a speaker means to commit an act of unlawful violence." *Id*. (quoting *Black*, 538 U.S. at 359) (cleaned up). Whether a statement is a true threat turns "not on the mental state" of the person who made it, but on "what the statement conveys to the person on the other end." *Id.* (quoting *Elonis v. United States*, 575 U.S. 723, 733 (2015)). A defendant's subjective intent matters however, because a defendant must have "consciously disregarded a substantial risk that his communications would be viewed as threatening violence." *Id*. at 69. "A threat doesn't need to be communicated directly to its victim or specify when it will be carried out[]" to still constitute a true threat, so long as some third-party receives the message. *United States v. Parr*, 545 F.3d 491, 497, n.1 (7th Cir. 2008) (collecting cases in footnote).

Whether a statement crosses the line from political hyperbole to a "true threat" is generally left to a jury to decide. *See United States v. Ivers*, 967 F.3d 709, 718 (8th Cir. 2020) ("To determine what constitutes a "true threat," the fact-finder must view the relevant facts to determine whether the recipient of the alleged threat could reasonably conclude that it expresses a determination or intent to injure presently or in the future."); *accord United States v. Clemens*, 738 F.3d 1, 13 (1st Cir. 2013) ("Whether a statement constitutes a threat is an issue of fact for the trial jury involving assessments of both credibility and of context.") (cleaned up); *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013) ("In the usual case, whether a communication constitutes a threat or a true threat 'is a matter to be decided by the trier of fact.'") (collecting cases); *United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010) ("First Amendment concern [should be] addressed by the requirement of proof beyond a reasonable doubt at trial, not by a dismissal at the

indictment stage."); *Parr*, 545 F.3d at 497 (explaining that whether defendant's statements were true threats was "ultimately . . . question for the jury"). This is because the question of whether a statement is a true threat "must be viewed in textual context and also in the context of the totality of the circumstances in which the communication was made." *United States v. Dierks*, 978 F.3d 585, 589 (8th Cir. 2020).

Mr. Petersen relies on several cases in which a defendant prevailed in a threats to murder or interstate transmission of threats prosecution. (Doc. 30 at 7-10 (citing United *States v. White*, 670 F.3d 498, 501 (4th Cir. 2012); *United States v. Bagdasarian*, 652 F.3d 1113, 1123 (9th Cir. 2011); *United States v. Fenton*, 30 F. Supp. 2d 520 (W.D. Penn. 1998).) But Mr. Petersen's reliance on these cases is misplaced as each involved post-conviction challenges based on sufficiency of the evidence. *See White*, 670 F.3d at 501 (upholding Rule 29 judgment of acquittal after jury verdict); *Bagdasarian*, 652 F.3d at 1123 ("Taking the two message board postings in the context of all of the relevant facts and circumstances, the prosecution failed to present sufficient evidence to establish beyond a reasonable doubt that Bagdasarian had the subjective intent to threaten a presidential candidate."); *Fenton*, 30 F. Supp. 2d at 521 ("[A]t the conclusion of all the evidence, Fenton moved for a judgment of acquittal under Fed. R. Crim. P. 29, arguing that the evidence was insufficient to support his conviction . . . [the court granted] the motion."). When a court such as this one reviews a pretrial "12(b) motion to dismiss the indictment, the [c]ourt does not entertain an evidentiary inquiry, but rather accepts the allegations of the [i]ndictment as true." *United States v. Augustine Med., Inc.*, No. 03-cr-3211

(ADM/AJB), 2004 WL 256772, at *2 (D. Minn. Feb. 10, 2004) (citing *Ferro,* 252 F.3d at 968)).

Mr. Petersen's motion essentially asks this Court to leapfrog the jury and conduct its own pretrial evidentiary inquiry to determine whether his statements are political hyperbole, as he suggests, or true threats, as the government alleges. Mr. Petersen is welcome to challenge the sufficiency of the government's evidence, but that is an exercise he must save for trial. Because a jury must determine whether Mr. Petersen's statements constitute "true threats" after a full evidentiary presentation at trial, the Court recommends that Mr. Petersen's pretrial Motion to Dismiss the Indictment (Doc. 30) be denied.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings in this case, **IT IS RECOMMENDED** that:

1. Defendant Jeffrey Petersen's Motion to Dismiss the Indictment (Doc. 30) be **DENIED**.

Date: April 13, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).